UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JENNIE PINEDA,

Plaintiff,

v.

CREDENCE RESOURCE MANAGEMENT, LLC, *et al.,*

Defendants.

Case No. 1:26-cv-01023-KES-EPG

ORDER APPROVING STIPULATION FOR A PROTECTIVE ORDER, IN PART

(ECF No. 19)

This matter is before the Court on the parties' stipulation for a protective order. (ECF No. 19). Upon review, the Court will approve the parties' stipulation for a protective order, in part.

The parties define confidential information subject to protection as "information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)." (*Id.* at 2).

But such a definition improperly allows the parties to deem information confidential so long as they themselves believe that it qualifies for protection without ever disclosing the types of information at issue contrary to Local Rule 141.1(c)(1), which requires as follows: "A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child)."

However, the Court notes that the parties' stipulation elsewhere more specifically identifies the confidential information at issue in this case:

Such information consists of, among other things, personal consumer information,

> confidential business or financial information, information regarding confidential business practices, or other commercially sensitive information that is otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

(*Id.* at 1-2).

The Court approves the stipulation to the extent that confidential information is limited to this more specific description in the stipulation.

Additionally, the Court notes that "a protective order may not bind the Court or its personnel." *Rangel v. Forest River, Inc.*, No. EDCV 17-0613 JFW (SS), 2017 WL 2825922, at *2 (C.D. Cal. June 29, 2017). Thus, to the extent that the protective order conflicts with the Court's established practices or Rules, *e.g.*, such as following other procedures than provided under the Court's informal discovery-dispute-resolution process, the Court's established practices or Rules will govern. *See* Standard Procedures, available on the Court's website at https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/50351/.

Accordingly, IT IS ORDERED that the parties' stipulation for a protective order, (ECF No. 19), is approved, in part, as specified above.

IT IS SO ORDERED.

Dated: **November 9, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE